IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

MOUNT LAUREL TOWNSHIP and
MARLENE GANGLOFF,

             Plaintiffs,

        v.

SARAI M. CHARERNSOOK and
MARISOL CHARERNSOOK,

             Defendants.

Civil No. 23-21081 (RMB/SAK)

OPINION

**RENÉE MARIE BUMB, Chief United States District Judge:**

"Love thy neighbor" may seem a challenging task to some.  For Plaintiff Marlene Gangloff and Defendants Sarai and Marisol Charernsook ("**Defendants**"), the familiar exhortation may be decidedly impossible.  Embroiled in a land-use dispute in state and municipal courts, the next-door neighbors are principally fighting over the placement of a fence that divides their properties.  After Mount Laurel Township issued a notice of violation for their rear-yard fence for encroaching on a public right-of-way and they discovered that none of their neighbors were similarly cited, Defendants Sarai and Marisol Charernsook believed that the Township was selectively enforcing its zoning laws in violation of their right to equal treatment under the Fourteenth Amendment of the United States Constitution.  They now seek to remove the pending actions to this Court based on their recently discovered claim.

On October 11, 2023, Defendants filed a Notice of Removal in this Court pursuant to 28 U.S.C. § 1441. [Notice of Removal, Docket No. 1.]  Defendants seek to remove two assertedly related actions—*Mount Laurel Township v. Charernsook*, Case No. 23-00018 (N.J. Municipal Ct.) (hereinafter, "**Municipal Court Action**") and *Gangloff v. Charernsook*, Case No. BUR-C-19-23 (N.J. Super. Ct. Ch. Div.) (hereinafter, "**Superior Court Action**").  [*Id.*]  As the basis for removal, Defendants invoke this Court's federal question jurisdiction.  [*See id.* ¶¶ 18, 19 (claiming the Court has jurisdiction over the actions pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1443).] There does not appear to be a basis for diversity jurisdiction.  [*See generally id.*]

On October 12, 2023, Plaintiff Gangloff filed a Motion to Remand the Superior Court Action, and she seeks recovery of costs and fees pursuant to 28 U.S.C. § 1447(c).[1]  [Docket No. 2.]  On October 19, 2023, following the Court's issuance of a Text Order directing an expedited briefing schedule, Defendants opposed Plaintiff's Motion to Remand.  [Defs.' Opp'n, Docket No. 5.]

For the reasons expressed below, the Court concludes that removal of both actions is clearly improper.  Therefore, the Court will **GRANT** the Motion to Remand and assess costs and fees against Defendants.

---

[1] Plaintiff Gangloff is only representing her own interests.  [*See* Pl.'s Br. at 1, Docket No. 2-1 ("Ms. Gangloff takes no position regarding the unrelated Mount Laurel Township Municipal Court matter . . . , which seems to have been inexplicably combined by the defendants.").  The Court notes that a notice of appearance has not been filed on behalf of Mount Laurel Township.  [*See generally* Docket.]  Still, because the Court has a sufficient record to determine whether removal of the Municipal Court Action is appropriate, the Court addresses both actions in tandem.

2

# I.

Plaintiff Gangloff and Defendants are next-door neighbors.  [Superior Court Action, Verified Compl. ¶ 4, Docket No. 1-5.]  Before Defendants purchased their property many years ago, Plaintiff Gangloff had erected a fence several feet within her property line.  [*Id.* ¶ 5.]  After Defendants moved in, they apparently continued the fence "in line" with Plaintiff's fence and constructed a shed, stored vehicles, and consecrated a pet cemetery on Plaintiff Gangloff's property.  [*Id.* ¶¶ 6–11.]  Plaintiff Gangloff advised Defendants that the fence was improperly placed.  [*Id.* ¶ 8.]

Tensions boiled over after Defendants sought a variance from the Mount Laurel Township Zoning Board of Adjustment to construct an additional shed on Defendants' property.  [*Id.* ¶ 14.]  The Board held a hearing on August 3, 2022, and Plaintiff Gangloff appeared, testified, and opposed Defendants' application.  [*Id.*]  During that proceeding, the Board appears to have raised concerns regarding the accuracy of Defendants' property survey, as it was prepared in 1972 and conflicted with other evidence that identified unauthorized structures on the property.  [*Id.*; *see also* Notice of Removal ¶ 3.]  On December 7, 2022, the Board revisited Defendant's application, and Defendants submitted a new survey dated September 8, 2022.  [Verified Compl. ¶ 15; Notice of Removal ¶ 4.]  As determined by the Board, the new survey demonstrated that Defendants' fence was a "non-conforming condition" that encroached on a municipal easement at the rear of the property (also known as Church Street).  [Verified Compl. ¶ 15; Notice of Removal ¶ 4.]  The Board also determined

that Defendants maintained an unauthorized structure—a gazebo—on their property. [Verified Compl. ¶ 15.] Subject to certain conditions, the Board nevertheless issued an approval for the construction of Defendants' second shed. [*Id.*]

On February 2, 2023, Mount Laurel Township issued a Notice of Zoning Violation for the encroachment of Defendants' fence onto Church Street. [Defs.' Opp'n at 2, Docket No. 5.] This violation served as the basis for the Township's Municipal Court Action, which was filed on or around March 27, 2023. [*Id.*] Plaintiff Gangloff served as a witness for the Township at Defendants' initial appearance. [*Id.*]

Separately, Plaintiff Gangloff continued to oppose the existing, and planned, structures on Defendants' side of the fence. She maintained that Defendants improperly "commandeered" her property. [Verified Compl. ¶ 11.] Unable to resolve her differences directly with Defendants, Plaintiff Gangloff filed the Superior Court Action in Burlington County on April 10, 2023 seeking removal of Defendants' portion of the fence and the existing structures, shrubbery, items of personal property, and the pet cemetery. [*Id.* ¶ 19.] The Municipal Court Action was stayed pending resolution of the Superior Court Action. [Defs.' Opp'n at 2, Docket No. 5.]

On September 26, 2023, Defendants sought information pursuant to the Open Public Records Act ("**OPRA**") concerning whether the Township had ever issued notices of violation to the other property owners for erecting fencing along Church Street. [*Id.* at 3.] Two days later, Defendants learned that they are the only property

owners to have received such a notice of violation.  [*See* Sept. 28, 2023 E-Mail from Twp. Zoning Officer, Docket No. 1-4.]

Because Defendant Sarai Charernsook is Asian and Defendant Marisol Charernsook is Hispanic, they believe that "they are being singled out for enforcement based on their race in violation of Section 1983, the federal Fair Housing Act, and the equal protection clause of the United States Constitution." [Notice of Removal ¶¶ 8, 10.]  On this basis, they claim that the underlying actions come within the original subject matter jurisdiction of this Court, and they assert that all procedural requirements for removal have been satisfied.  [*Id.* ¶¶ 18, 20–22.]

## II.

In Plaintiff Gangloff's Motion to Remand, she first argues that Defendants' Notice of Removal is procedurally deficient because it is untimely.  The Verified Complaint filed in the Superior Court Action was served on May 1, 2023, [Pl.'s Br. at 2, Docket No. 2-1], and the Notice of Removal was filed on October 10, 2023, [*see* Docket].  Plaintiff Gangloff suggests that the Notice of Removal was filed on the eve of a dipositive motion deadline in the Superior Court Action in an effort to delay that matter.  [*See* Pl.'s Br. at 2.]  Accordingly, Plaintiff Gangloff argues that because the Superior Court Action was not removed within thirty days after receipt of the initial pleading by Defendants, the matter must be remanded as untimely.  [Pl.'s Br. at 2.]

Second, Plaintiff Gangloff argues that, even if the matter were timely, Plaintiff's attempt to remove the action is substantively flawed.  The action is not within the original subject matter jurisdiction of the Court.  [*See id.* ("No federal claims were

raised by the plaintiff and no civil rights issues related to 28 U.S.C. § 1443 were asserted by the defendants.").]  For this reason, as well, Plaintiff Gangloff seeks a remand of the Superior Court Action.

Finally, Plaintiff Gangloff contends that Defendants lack a reasonable basis for removal, so the Court should award payment of costs and fees in the amount of $1,500 pursuant to 28 U.S.C. § 1447(c).  [*Id.* at 3.]

Defendants oppose the Motion to Remand.  They contend that the Notice of Removal was timely because it was filed within thirty days of their receipt of a response to their OPRA request on September 28, 2023.  [Defs.' Opp'n at 4.]  They argue that the Township's response constitutes "other paper" under § 1446(b)(3) and reveals the basis for this Court's jurisdiction—the alleged selective enforcement of the Township's zoning laws in violation of § 1983, the Fair Housing Act, and the Equal Protection Clause of the Fourteenth Amendment.  [*Id.*]  Defendants do not address Plaintiff Gangloff's request for costs and fees.

### III.

The Court first addresses whether the underlying actions are within its original jurisdiction, as required by 28 U.S.C. § 1441(a), before turning to the idiosyncratic requirements for removal under § 1443 and the general procedural requirements of § 1446(b).  Finally, the Court considers whether to award costs and fees under § 1447(c).

### A.

Under the general removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  In other words, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Where removal is not premised on diversity of citizenship, federal-question jurisdiction is required.  *Id.*

The presence of a court's federal-question jurisdiction is determined by the "well-pleaded complaint rule," "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id.* (citing *Gully First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)). "A defense that raises a federal question is inadequate to confer federal jurisdiction," *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)), as is a counterclaim, *see Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) (noting that the assertion of a counterclaim is "irrelevant to whether the district court had 'original jurisdiction' over the civil action").

Here, Defendants have failed to establish that a federal question appears on the face of the initial pleading filed in the Superior Court Action or the Municipal Court Action.   Plaintiff Gangloff has not asserted a federal claim, [*see generally* Verified Compl.], and based on Defendants' submissions, the Municipal Court Action clearly

involves the assertion of exclusively state and local laws.[2]  Thus, because neither action involves the assertion of a claim that arises under the Constitution, laws, or treaties of the United States, the Court does not have original jurisdiction here.  *See Williams*, 482 U.S. at 392; 28 U.S.C. § 1331.

Indeed, Defendants are incorrect to suggest that either case became removable on September 28, 2023 when they determined that none of their neighbors had received a notice of violation concerning the encroachment of fencing onto Church Street.  Even assuming the factual discovery of this information could adequately establish a violation under 42 U.S.C. § 1983, the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, or the Equal Protection Clause of the Fourteenth Amendment, these claims would be asserted as counterclaims or defenses (or both), or they might be asserted as the basis for a new civil action.  But, as the Court described above, the presence of a counterclaim or defense is inadequate to confer federal question jurisdiction.  *See Thompson*, 478 U.S. at 808; *Jackson*, 139 S. Ct. at 1748.  Therefore, Defendants have failed to demonstrate the Court's jurisdiction under the requirements of § 1441(a), the general removal statute.

## B.

Still, because Defendants purport to remove the Superior Court Action and the Municipal Court Action under the Civil Rights Removal Statute, 28 U.S.C. § 1443,

---

[2] Defendants have provided a copy of the February 2, 2023 Notice of Violation, but not the initial pleading.  [Docket No. 1-3.]

the Court briefly addresses whether the requirements for removal under § 1443 have been met.[3]

Section 1443 authorizes the removal of a state law action:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.  As the Third Circuit has explained, "Congress has crafted only a narrow exception to the [ordinary] rule that a state court action may be removed to a federal district court only if federal jurisdiction is evident on the face of the plaintiff's well-pleaded complaint." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997).

The Court assumes that Defendants seek to invoke the first subsection of § 1443. For the first provision to apply, "a state court defendant must demonstrate both: (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)).

Here, Defendants cannot meet either requirement.  Defendants contend that Mount Laurel Township is selectively enforcing its zoning laws against them because Defendants are Asian and Hispanic, respectively.  [Notice of Removal ¶¶ 8, 10.]  They

---

[3] Citing § 1443 in their Notice of Removal, [see Docket No. 1 ¶¶ 18, 19], Defendants argue that removal is proper under §§ 1441 and 1446, [see Defs.' Opp'n at 2, Docket No. 5].  They do not address the requirements for removal under § 1443.

assert that this conduct violates 42 U.S.C. § 1983, some unspecified provision of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, and the Equal Protection Clause of the Fourteenth Amendment.  [*Id.*]  This assertion fails the first requirement, as § 1443(1) has been construed to require invocation of a federal law "providing for specific civil rights stated in terms of racial equality."  *Rachel*, 384 U.S. at 792.  General reference to a federal statutory scheme as well as broad contentions under the United States Constitution cannot support a valid claim for removal under § 1443.  *See, e.g.*, *St. James Assocs. v. Larsen*, 67 F. App'x 684, 686 (3d Cir. 2003) (explaining that the defendant's claim under the Equal Protection Clause failed to demonstrate removal under § 1443 because it does not include specific language of racial equality).

Furthermore, Defendants' assertion fails the second requirement, because they have not shown that New Jersey's courts are incapable of protecting their rights to equal treatment regardless of race or prior origin.  *See, e.g.*, *Brown v. Moore*, 366 F. App'x 327, 329 (3d Cir. 2010) (rejecting propriety of removal where based on unsubstantiated allegations that presiding state court judge was biased and noting that defendant "alleged nothing that cannot be redressed if appropriate with the state court system itself").  The Court identifies no reason why Defendants cannot raise their claims in the pending state and municipal actions.

Therefore, because Defendants have also failed to support their invocation of removal under § 1443, the Court concludes that it lacks jurisdiction to address any of the claims asserted in the Superior Court Action or the Municipal Court Action. Accordingly, remand is required.  *See* 28 U.S.C. § 1447.

10

## C.

The Court's determination that it lacks federal question jurisdiction over the claims asserted in the underlying actions necessarily resolves the ancillary question of whether Defendants' Notice of Removal complied with the procedural requirements set forth in 28 U.S.C. § 1446(b). Still, in the interest of completeness, the Court briefly addresses the question presented.

There are two thirty-day clocks that limit the time during which a defendant may remove an action. *McLaren v. UPS Store Inc.*, 32 F.4th 232, 236 (3d Cir. 2022) (citing 28 U.S.C. § 1446). First, a defendant has thirty days to file a notice of removal "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). Second, "if the case stated by the initial pleading is not removable," then a case may be removed within thirty days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3) (emphasis added). "Each provision . . . is triggered only when the defendant receives a particular document: in (b)(1) the initial pleading, and in (b)(3) an amended pleading, motion, order, or other paper. If either provision is triggered, removal after thirty days is prohibited." *McLaren*, 32 F.4th at 236 (citation omitted).

Here, Defendants do not argue that the Notice of Removal is timely under § 1443(b)(1), nor could they. Plaintiff Gangloff's initial pleading was served on May 1, 2023. [Pl.'s Br. at 2, Docket No. 2-1.] The Notice of Violation and Summons in the

11

Municipal Court Action appears to have been served on or around March 27, 2023. [Notice of Removal ¶ 6; Docket No. 1-3; Defs.' Opp'n at 2.]  The Notice of Removal was filed on October 11, 2023.  [*See generally* Docket.]  Filed well after thirty days following receipt by Defendants of the "initial pleading" filed in both actions, the Notice of Removal is clearly untimely under § 1443(b)(1).

Instead, Defendants argue that the Notice of Removal is timely under § 1446(b)(3). [Defs.' Opp'n at 4, Docket No. 5.]  They contend that the September 28, 2023 response from Mount Laurel Township to Defendants' OPRA inquiry constitutes "other paper" under § 1446(b)(3) because from the response "they ascertained that this case was removable" under 42 U.S.C. § 1983, the Fair Housing Act, and the Equal Protection Clause.  [*Id.*]  Plaintiff Gangloff submits that the Notice of Removal is untimely under § 1446(b)(3) because Defendants submitted their record request after a dispositive motion for summary judgment had been filed, in violation of the Superior Court's Case Management Order.  [*See* Docket No. 6 ¶ 3.]  Plaintiff Gangloff further submits that the Notice of Removal was filed "to avoid state court sanctions for violations of Case Management Orders and Rules of Court," which has apparently occurred before.  [*Id.* ¶ 4.]

Defendants are correct that district courts within the Third Circuit have given the term "other paper" an "embracive construction" to include a wide variety of documents, including communications between counsel, deposition testimony, stipulations, answers to interrogatories, transcripts, and other discovery material. *See Costa v. Verizon New Jersey, Inc.*, 936 F. Supp. 2d 455, 465–66 (D.N.J. 2013) (Hillman,

J.) (collecting cases).  Still, the terms "an amended pleading, motion, order or other paper" in § 1443(b)(3) refer to developments within a case, not a document that is separate and apart from the litigation.  *League of Women Voters of Pa. v. Pennsylvania*, 921 F.3d 378, 383–84 (3d Cir. 2019) (citing *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 210 (3d Cir. 2014)).

Here, the Township's response to Defendants' OPRA request could be construed as "other paper" under § 1446(b)(3).  *See Costa*, 936 F. Supp. 2d at 465–66; *League of Women Voters of Pa.*, 921 F.3d at 383–84.  The September 28, 2023 e-mail was received in connection with Defendants' discovery activities in the Superior Court Action.  The problem for Defendants, however, is that the response does not enable Defendants to ascertain that either underlying action "is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  The Township's reply to their inquiry—no matter how persuasively it confirms Defendants' belief that the zoning laws are being selectively enforced against them—cannot endow this Court with the federal question jurisdiction to authorize the removal of the pending Superior Court Action or Municipal Court Action.[4]  For this reason, the Notice of Removal is procedurally deficient as untimely under § 1446(b)(3) as well.

---

[4] Though the Township's response to Defendants' OPRA inquiry is insufficient for removal purposes for the reasons outlined above, selective enforcement of zoning laws based on race or national origin, if true, would be deeply troubling.

Therefore, because the Notice of Removal filed by Defendants is procedurally deficient and substantively flawed, the Court will remand both of the underlying actions. *See* 28 U.S.C. § 1447(c).

### D.

Finally, the Court turns to Plaintiff Gangloff's request for an award of costs and fees in the amount of $1,500. [Pl.'s Br. at 3, Docket No. 2-1.] The removal statute expressly provides that a federal court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" in the case where the federal court remands the action to state court. 28 U.S.C. § 1447(c). The standard turns on the reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* The Supreme Court adopted this standard in recognition of a dual desire to deter removal sought "for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter" in appropriate cases. *Id.* at 140–41. A court's award of costs and fees is within its sound discretion; it need not first determine that the removal was improvident or in bad faith. *Stephens v. Gentilello*, 853 F. Supp. 2d 462, 471 (D.N.J. 2012) (Rodriguez, J.).

Here, the Court will award costs and fees to Plaintiff Gangloff because Defendants lacked an objectively reasonable basis for removal. *Martin*, 546 U.S. at

14

141.  As discussed above, Defendants' assertion in support of this Court's federal-question jurisdiction is clearly unsupported by well-settled law.  No document before this Court reveals the existence of a federal cause of action asserted against Defendants, so neither the Superior Court Action nor the Municipal Court Action is properly within the original jurisdiction of the Court.  Therefore, removal under the general removal statute is unwarranted.  *See* 28 U.S.C. § 1441(a).  Additionally, Defendants failed to establish the idiosyncratic requirements for removal under 28 U.S.C. § 1443(1), so that procedure does not save Defendants' ill-fated attempt to remove the underlying actions.

Finally, as explained already, Defendants Notice of Removal is procedurally deficient as well.  Both underlying actions have been pending for months.  On the eve of an October 12, 2023 deadline in the Superior Court Action to respond to Plaintiff Gangloff's Motion for Summary Judgment and Motion to Disqualify Defendants' Counsel, Defendants filed their Notice of Removal seeking an order from this Court extending the time to file their briefs before the state court.  [Docket No. 3.]  As the Court stated, it does not have the authority to manage the briefing schedule for motions pending before another court.  [Docket No. 4.]  This behavior by Defendants lends further support to an award of costs and fees, in this instance, as a sanction for seeking removal for an improper purpose.

Plaintiff Gangloff seeks an award of costs and fees in the amount of $1,500.  [Pl.'s Br. at 3, Docket No. 2-1.]  The Court has reviewed the Certification of Counsel in Support of Plaintiff Gangloff's Request for an Award of Counsel's Fees, [Docket

No. 2-2], and concludes that counsel's fees are reasonable. *See League of Women Voters of Pa. v. Pennsylvania*, 921 F.3d 378, 387 (3d Cir. 2019) (explaining that courts should apply the lodestar method to calculate a fee award—multiplying a reasonably hourly billing rate for the lawyer's services by the reasonable number of hours expended). Accordingly, the Court will award costs and fees in the amount of $1,500 in favor of Plaintiff Gangloff because such an amount is reasonable and Defendants' attempt to remove the underlying actions was objectively unreasonable. An award of costs and fees is appropriate. *See* 28 U.S.C. § 1447(c).

## IV.

In conclusion, the Court takes this opportunity to implore the parties to resolve their dispute as good neighbors. "It makes a difference . . . whether we fence ourselves in, or whether we are fenced out by the barriers of others[.]" E.M. Forster, *A Room with a View* 150 (London, Edward Arnold 1908). In the end, unless the parties can work out their differences amicably, both sides will have fenced themselves in and should expect a protracted fight—all at what cost?

Therefore, for the reasons expressed above, the Court will **GRANT** the pending Motion to Remand and award costs and fees in favor of Plaintiff Gangloff. An accompanying Order shall issue.

__October 24, 2023__
Date

__s/Renée Marie Bumb__
RENÉE MARIE BUMB
Chief United States District Judge